UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK PARR,

       Plaintiff,                        CIVIL ACTION NO. 05 CV 72123 DT

       v.                                 DISTRICT JUDGE GEORGE CARAM STEEH

JO ANNE B. BARNHART,           MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

### REPORT AND RECOMMENDATION

### I.  Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment.  For the reasons stated below, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II.  Background

On February 11, 2002, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB), alleging that he was disabled due to shoulder problems, with a disability onset date of May 15, 2001.  (Tr. 44-46, 59)  Plaintiff was 43 years of age when he filed the application.  He has a high school education, and he worked as a machine operator prior to his alleged onset date.  (Tr. 18, 68-75)

The Social Security Administration (SSA) denied plaintiff's claim on April 30, 2003. (Tr. 29-32)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 33)  The hearing was held on February 24, 2004 before ALJ John Christensen.  (Tr. 249-73)

On August 16, 2004, ALJ Bennett S. Engelman issued a written decision denying plaintiff's claim.  (Tr. 14-25)  The ALJ determined that plaintiff suffered from bilateral shoulder impingement and mild sleep apnea, and that his impairments were "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that he did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations.  (Tr. 20, 24)  The ALJ further determined that plaintiff retained the ability to perform a range of "light" work and that there were a significant number of jobs in the national economy that he could perform.[1]  (Tr. 23-25)  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.  Id.

---

[1] "Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

On August 25, 2004, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 9-13) The Council denied the request on April 8, 2005. (Tr. 4-6) The ALJ's decision thus became the final determination of the Commissioner.

On May 31, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the court on the parties' cross-motions for summary judgment. Plaintiff contends in his motion that ALJ Engelman erred in relying on the testimony of a vocational expert (VE) in determining that he was not disabled. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that he is disabled.

Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims. 20 C.F.R. § 404.1520. In Foster, 279 F.3d at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270,

273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

    **A. Accuracy of Hypothetical**

At the hearing, ALJ Christensen posed the following hypothetical question to the VE:

> Okay. Let's assume the following then: a 45 year old Claimant, with a high school degree and some college, and with the past work history you've analyzed in 11E, now limited to light work, with additional limitations of no overhead lifting, no repetitive use of the hands... And an option to sit or stand during the workday. Would there be jobs such an individual could perform?

(Tr. 267-68) In response to the hypothetical, the VE testified that such a person could work as, among other things, a counter clerk and a general office clerk. (Tr. 268) The VE further testified that there were 2,100 counter clerk and 9,870 general office clerk positions in the lower peninsula of Michigan. Id. Based on the testimony of the VE, ALJ Engelman determined that there were a significant number of jobs in the national economy that plaintiff could perform and, therefore, that he was not disabled. (Tr. 23-25)

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with

such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). Conversely, where the hypothetical does not paint an accurate picture of the claimant's limitations, the VE's testimony cannot support such a finding.

Plaintiff claims that ALJ Engelman's reliance on the testimony of the VE was improper. Plaintiff's first argument rests upon the fact that in the hypothetical, ALJ Christensen included a limitation of "no overhead *lifting*," whereas in the written opinion, ALJ Engelman included in his residual functional capacity determination (RFC) a limitation of "no overhead *reaching*." (Tr. 22, 267)(emphasis added). Plaintiff claims that this apparently minor discrepancy is significant because the VE testified, on questioning by plaintiff's counsel, that the general office clerk positions would be eliminated if the hypothetical was modified to include the additional limitation of "no overhead reaching." (Tr. 271) In addition, plaintiff contends that ALJ Christensen erred in failing to include in the hypothetical any limitations related to his depression. Finally, plaintiff argues that ALJ Christensen did not properly accommodate his limited use of his right hand.

With respect to plaintiff's first claim of error, the VE testified that the addition to the hypothetical of a "no overhead reaching" limitation would eliminate the office clerk positions, but would have no effect upon the counter clerk positions. (Tr. 271) Thus, if the 9,870 office clerk positions were eliminated from consideration, that would still leave in place the 2,100 counter clerk positions. The Sixth Circuit has determined in prior cases that less than 2,100 jobs

constitutes a "significant" number of jobs within the meaning of 42 U.S.C. § 423(d)(2)(A).[2] See Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988)(1,350 to 1,800 jobs in Dayton, Ohio area found to constitute "significant" number); Stewart v. Sullivan, 904 F.2d 708 (Table), 1990 WL 75248 at **4 (6th Cir.(Ky.))(125 jobs in area with population of 130,000 constituted significant number of jobs); Jones v. Commissioner of Social Security, 121 F.3d 708 (Table), 1997 WL 413641 (6th Cir.(Mich.))(1200 to 1500 jobs in Detroit, Michigan area constituted significant number); Vick v. Secretary of Health and Human Services, 961 F.2d 1580 (Table), 1992 WL 92833 (6th Cir.(Ky.))(1100 jobs); see also Jenkins v. Bowen, 861 F.2d 1083 (8th Cir. 1988)(500 jobs); Pollice v. Secretary of Health and Human Services, 843 F.2d 1392 (Table), 1988 WL 28536 (6th Cir.(Mich.))(3600 jobs in State of Michigan a "significant" number). Plaintiff does not contend that 2,100 counter clerk jobs does not constitute a "significant" number in this case. Accordingly, to the extent ALJ Engelman erred in the manner alleged, the error was harmless.

---

[2] 42 U.S.C. § 423(d)(2)(A) states the following:
> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Plaintiff next contends that the hypothetical was inaccurate in that ALJ Christensen failed to include therein any limitations related to his depression. In support of his argument, plaintiff points to the treatment notes of Dr. Miles Light, one of plaintiff's treating physicians. In notes dated January 7, 2003, and March 13, 2003, Dr. Light indicated that plaintiff was suffering from "mild depression." (Tr. 226, 228)

While plaintiff may suffer from depression, there is absolutely no evidence in the record that it impacts upon his ability to perform work-related activities. There is nothing in Dr. Light's treatment notes indicating that plaintiff has concentration difficulties or other functional limitations related to depression, and there it otherwise no evidence in the record of such limitations. Accordingly, it was not necessary for ALJ Christensen to include in the hypothetical restrictions related to plaintiff's depression.

Lastly, plaintiff argues that ALJ Christensen did not properly accommodate his limited ability to handle objects with his right hand. In a Physical Residual Functional Capacity Assessment form, Dr. Ken Taylor, a State of Michigan Disability Determination Services consultant, indicated that plaintiff was limited to only "occasional" handling with the right hand. ALJ Christensen included in the hypothetical a limitation to "no repetitive use of the hands." Plaintiff contends that this limitation was insufficient to account for Dr. Taylor's finding, which plaintiff claims is supported by the medical record as a whole.

The VE testified that the counter clerk position was an "occasional reach, handle, and finger" position, and ALJ Engelman cited that position as an example of a job that plaintiff was capable of performing. (Tr. 272) As discussed above, the VE indicated that there were 2,100

such jobs in the lower peninsula of Michigan, and plaintiff has not argued, much less demonstrated, that 2,100 jobs does not constitute a "significant" number of jobs. Accordingly, to the extent ALJ Christensen was required to include in the hypothetical a restriction to "occasional handling," his failure to do so was immaterial because the VE identified a significant number of jobs plaintiff could perform that would accommodate such a limitation and ALJ Engelman relied upon that testimony in concluding that plaintiff was not disabled.

### V.  Conclusion

For the reasons stated above, the court finds plaintiff's claims of error to be without merit and that there is substantial evidence in the record to support the Commissioner's determination that plaintiff is not disabled. Accordingly, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's cross-motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan
VIRGINIA M. MORGAN
Dated:   November 21, 2005      UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on November 21, 2005.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Virginia M. Morgan